P. T. McGerr, APPELLANT, v. HARRY P. BRADLEY, APPELLEE.

FILED FEBRUARY 1, 1929. No. 26395.

*Helen McGerr*, for appellant.

*Scott & Scott, G. B. Hastings* and *C. M. Skiles, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

ROSE, J.

This is a suit by P. T. McGerr, plaintiff, to foreclose tax liens on two tracts of land owned by Harry P. Bradley, defendant. The lands are situated in Chase county and are described respectively as the southeast quarter of section 11, township 8, north, range 37, west of the sixth principal meridian and the west half of section 13 in the same township.

The taxes for 1920 became delinquent and, pursuant to statute, the county treasurer, commencing the first week in October, 1921, published notice of the delinquency and advertised the lands for sale at the general tax sale to be held the first Monday in November, 1921. Comp. St. 1922, secs. 6050-6052. The delinquent taxes for 1920 not having been paid at the time fixed in the published notice, the land was regularly offered for sale according to statute but not sold for want of bidders. Comp. St. 1922, sec. 6054. The general tax sale was closed and the treasurer made his return thereof to the county clerk according to law. The county treasurer sold the land at private sale July 1, 1922, to plaintiff, who paid the delinquent taxes for 1920, penalties and costs, amounting on the quarter section to $29.10

and on the half section to $79.  Comp. St. 1922, secs. 6061, 6062.  July 1, 1922, the treasurer issued to plaintiff a tax sale certificate for each tract, evidencing the sales and reciting the payments made.  Comp. St. 1922, secs. 6062, 6065.

Plaintiff, to protect his tax lien on the quarter section, paid in due time taxes in full for subsequent years as follows:  1921, $32.85; 1922, $30.18; 1923, $29.80; 1924, $29.60; 1925, $33.35.  He likewise paid taxes on the half section as follows:  1921, $91.10; 1922, $83.98; 1923, $81.10; 1924, $46.40; 1925, $52.15.  The facts outlined were pleaded at length in the petition.

The relief sought by plaintiff was the foreclosure of his tax liens, the allowance of interest on each item of taxes paid by him at the rate of 15 per cent. per annum and an attorney's fee equal to 10 per cent. of the amount found due.  Comp. St. 1922, secs. 6068, 6089, 6091.

Defendant admitted generally the facts pleaded in the petition, but alleged that the tax sale certificates were void because the sale to plaintiff did not include the delinquent taxes for 1921; that plaintiff acquired only the public's interest in the items of taxes paid by him and that he was only entitled to recover the amount of each item with interest at the rate of 10 per cent. per annum and costs, but no attorney's fee.

The controversy between the parties was narrowed in the district court to the questioned validity of the tax sale certificates on the sole ground stated, an issue involving the right of plaintiff to recover interest at the rate of 15. per cent. per annum and an attorney's fee equal to 10 per cent. of the amount found due.

At the trial below defendant relied on the opinion in the case of *Wight v. McGuigan,* 94 Neb. 358, where the following rules were announced:

"When real estate is sold for taxes, all delinquent taxes thereon must be included in the sale.

"Real estate cannot be sold for taxes at private sale un-

less all taxes thereon then delinquent have been included in the notice of public sale, and the land has been duly offered at such public sale and not sold for want of bidders."

The district court followed these rules and entered judgment in favor of plaintiff for the items in his claim with interest thereon at 10 per cent. per annum, disallowing an attorney's fee. Plaintiff appealed.

The revenue law does not provide that all delinquent taxes must be included in a private sale of land for taxes, nor that real estate cannot be sold for delinquent taxes at private sale "unless all taxes thereon then delinquent have been included in the notice of public sale, and the land has been duly offered at such public sale and not sold for want of bidders." The rules quoted extend the revenue law beyond its terms and would, if allowed to stand, defeat to a considerable extent the obvious legislative purpose, as shown by the statute, to provide a means of procuring for the public the prompt payment of delinquent taxes not collectable at public sale, by offering to individuals inducements to pay them at private sales of the lands taxed, when the taxes, for want of bidders at public sale, are not then available. The rules announced in the case cited would prevent private sales each year from the time taxes generally become delinquent on the first day of May until November. Private sales of real estate for delinquent taxes would be still further restricted in the city of Lincoln, where taxes become delinquent December 1.

The statutory requirement to include "all delinquent taxes" applies to the delinquent tax list, and not to private tax sale. Taxes on real estate generally become delinquent May first of each year. The revenue law provides:

"The county treasurer shall, not less than four nor more than six weeks prior to the first Monday of November in each year, make out a list of all lands and town lots subject to sale, and the amount of all delinquent taxes against each, with interest to the date of sale." Comp. St. 1922, sec. 6050.

Provision is made for notice of public sale. The treasur-

er is required to commence it at the appointed time and continue to offer the advertised lands until they are sold or are not sold for want of bidders. Comp. St. 1922, sec. 6054. Return of sale to the county clerk must be made by the treasurer on or before the first Monday in December. Comp. St. 1922, sec. 6061. The statute further provides:

"After the sale shall have closed, and the treasurer shall have made his return thereof to the county clerk, * * * if any real estate remains unsold for want of bidders therefor, the county treasurer is authorized and required to sell the same at private sale at his office to any person who will pay the amount of taxes, penalty, and costs thereof." Comp. St. 1922, sec. 6062.

This provision does not require the county treasurer to include in private sale all taxes delinquent at the time. To import into that provision from the requirement relating to the published lists of taxes and lands the expression "all delinquent taxes" is inconsistent with the revenue law and with the wise legislative purpose to procure prompt payment of delinquent taxes by means of private tax sale of lands not sold at public sale for want of bidders. The statutory notice of public sale is notice also to delinquent tax debtors that their lands may be sold at private sale, if not sold at public sale for want of bidders. While "all delinquent taxes" must be included in the delinquent tax list and in the notice of public sale, a sale of land at private sale does not necessarily include all the delinquent taxes. This aspect of the revenue law was overlooked when the first and second paragraphs of the syllabus in *Wight v. McGuigan,* 94 Neb. 358, were adopted and for the reasons given they are overruled.

The private sales to plaintiff in the present suit were valid. The judgment below is therefore reversed and the cause remanded to the district court, with instructions to enter a decree conforming to the prayer of plaintiff's petition.

REVERSED.