DOLAN PETERSON ET AL., APPELLANTS, V. GERING IRRIGATION DISTRICT, APPELLEE.

363 N.W.2d 145

Filed February 15, 1985.   No. 83-542.

Dennis L. Arfmann, for appellants.

Steven C. Smith of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is a companion case to case No. 83-366, decided today. The cases were consolidated for argument in this court.

The essential facts concerning the disputes between the parties are stated in case No. 83-366.

In this case the plaintiffs sought to recover alleged damages to their crops, totaling $33,009.87, for the defendant's failure to properly deliver water during the 1981 growing season.

On July 24, 1981, the plaintiffs submitted a document entitled "C L A I M" to the chairman of the board of the Gering Irrigation District. The claim alleged that the defendant was liable for damages resulting from its failure to deliver water pursuant to Neb. Rev. Stat. § 46-160 (Reissue 1984). No action was taken on this "claim." Subsequently, on June 22, 1982, plaintiffs filed a petition alleging the same in the district court for Scotts Bluff County. After numerous motions and amendments to the pleadings, the trial court, on May 26, 1983, sustained defendant's motion for summary judgment on the grounds that there was no issue as to any material fact and that the claim was not filed pursuant to the Nebraska Political Subdivisions Tort Claims Act. The plaintiffs have appealed.

The issues on appeal are whether (1) the Gering Irrigation District is a political subdivision; (2) plaintiffs' "claim" satisfied the requirements for filing under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983); and (3) the plaintiffs were entitled to an additional 6 months within which to file a claim pursuant to the Nebraska Political Subdivisions Tort Claims Act.

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court views the evidence in the light most favorable to the party against whom it is directed, giving that party the benefit of all favorable inferences that may be drawn therefrom. *Bruyninga v. Nuss*, 216 Neb. 801, 346 N.W.2d 245 (1984).

As to the first issue, we believe that it is clear that the Gering Irrigation District is a political subdivision. In *Wight v.*

*McGuigan*, 94 Neb. 358, 360, 143 N.W. 232, 233 (1913), *overruled on other grounds* 117 Neb. 841, 223 N.W. 132 (1929), this court said: "It has previously been declared by this court that an irrigation district properly organized under the statute is a public corporation. It is a political subdivision . . . ." As such, actions against an irrigation district are governed by the Nebraska Political Subdivisions Tort Claims Act, which provides that "no suit shall be maintained against such political subdivision on any tort claim except to the extent, and only to the extent, provided by this act." § 23-2401.

Section 23-2404 provides:

> All tort claims under this act shall be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision. It shall be the duty of the official with whom the claim is filed to present the claim to the governing body. All such claims shall be in writing and shall set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant.

The time constraints within which to file a tort claim are governed by § 23-2416, which provides in part: "Every claim against a political subdivision permitted under this act shall be forever barred, unless within one year after such claim accrued, the claim is made in writing to the governing body." It is plaintiffs' contention that they did file a claim; therefore, the next issue to be considered is whether plaintiffs' "claim" satisfied the requirements for filing under this act.

The record shows that on July 24, 1981, the plaintiffs served a document entitled "C L A I M" upon the chairman of the board of the Gering Irrigation District. The document began:

> YOU ARE HEREBY GIVEN NOTICE pursuant to 46-160 R.R.S. Neb. 1943 that Dolan N. Peterson and Arlene Peterson, husband and wife, and Greg Peterson and Ann Peterson, husband and wife, as owners and purchaser under contract do hereby inform you that you have failed to deliver water by reason of negligence or omission of duties and responsibilities of the District and

that such individuals shall hold such district liable for whatever damages *may result* as a result of failure to deliver water as required by the laws of the State of Nebraska.

(Emphasis supplied.) The document contained no statement as to the amount of damage or loss sustained by the plaintiffs, nor did it allege that such damage or loss had occurred. In a sworn affidavit the president of the Gering Irrigation District stated that "the Board at all times considered the document as a notice filed pursuant to the provisions of Section 46-160, R.R.S. 1943." Section 46-160 states that an irrigation district is liable in damages for negligence in delivering or failure to deliver water; provided, however, that the chairman of the board of directors of the district is served with written notice within 30 days after such negligent acts are committed.

Despite plaintiffs' characterization of the document as a "claim," it made no demand against the district; rather, it only alerted the district to the possibility of a claim. In *In re Estate of Feuerhelm*, 215 Neb. 872, 341 N.W.2d 342 (1983), this court considered whether a "STATEMENT OF CLAIM" filed against an estate was a claim within the limitations of Neb. Rev. Stat. § 30-2485 (Reissue 1979). The court distinguished a notice from a claim, stating at 875, 341 N.W.2d at 344-45:

The suggested "claim" demonstrates further deficiency. Although the language of Thompson's individual claim did alert the personal representative to the possibility of a claim by the trust, Thompson's claim did not contain a demand by the trust upon the estate for satisfaction of any obligation. Mere notice to a representative of an estate regarding a possible demand or claim against an estate does not constitute presenting or filing a claim under § 30-2486. If notice were accorded the stature of a claim, the resultant state of flux and uncertainty would frustrate and avoid the purpose and objectives of the nonclaim statute.

The remaining issue in this appeal is whether the plaintiffs were entitled to an additional 6 months within which to file a claim pursuant to the Nebraska Political Subdivisions Tort Claims Act. As relevant here, § 23-2416 provides:

(2) If a claim is made or filed under any other law of

this state and a determination is made by a political subdivision or court that this act provides the exclusive remedy for the claim, the time to make a claim and to begin suit under this act shall be extended for a period of six months from the date of the court order making such determination or the date of mailing of notice to the claimant of such determination by the political subdivision, if the time to make the claim and to begin suit under this act would otherwise expire before the end of such period. The time to begin suit under this act may be further extended as provided in subsection (1) of this section.

On November 4, 1982, a demurrer was sustained on the basis that the defendant was a political subdivision. The plaintiffs were given 20 days to amend their petition, and in the failure thereof the action would be dismissed. Thereafter, the plaintiffs amended their petition twice, but did not allege a cause of action other than in tort. Neither did plaintiffs file a claim pursuant to the tort claims act. On May 26, 1983, summary judgment was granted for the defendant on essentially the same grounds.

In its first order of November 4, 1982, the trial court determined that the act provided the exclusive remedy for the plaintiffs under the pleadings in this case. Section 23-2416 mandates: "[T]he time to make a claim and to begin suit under this act shall be extended for a period of six months from the date of the court order making such determination . . . ." Contrary to plaintiffs' argument, the statute does not obligate the court to make a finding that the time to make a claim has been extended. Rather, it was within the plaintiffs' right to make such a claim; having failed to do so, their action was barred.

The judgment of the district court is affirmed.

AFFIRMED.