FLYNN FRANKLIN, INDIVIDUALLY AND AS FATHER AND NEXT FRIEND OF DAMIEN FRANKLIN, A MINOR, APPELLANT, V. CITY OF OMAHA, APPELLEE.

432 N.W.2d 808

Filed December 16, 1988.   No. 87-482.

James E. Schaefer for appellant.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows, and Sheri E. Long for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The district court for Douglas County sustained the motion of defendant, City of Omaha, for summary judgment and dismissed the plaintiff's petition. Plaintiff, Flynn Franklin, appeals. We reverse.

At issue in this case is the adequacy of the notice of claim under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-926 (Reissue 1987) (formerly §§ 23-2401 et seq.).

Section 13-905 provides in part, "All such claims shall be in writing and shall set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant."

In a letter addressed to the city clerk of the City of Omaha, dated September 17, 1985, and received by the city clerk on September 19, the appellant notified the city as follows: (1) that the persons making claim against the city are Flynn Franklin, Toni Hill Franklin, and Damien Franklin, a minor; (2) that the claim was made to recover for personal injuries suffered by Flynn Franklin and Damien Franklin, and loss of consortium to Toni Hill Franklin, in a rear-end collision with a car driven by Leon Straughn, who was fleeing from a pursuing Omaha Police Department cruiser operated by an Omaha police officer on November 3, 1984; (3) that Flynn Franklin's injuries included a severe back injury and permanent disability and that Damien Franklin's injuries included a broken leg, a dislocated hip, and permanent injury; and (4) that demand is made for the sum of $1,450,000 damages to all claimants.

A summary judgment will be granted where there is no genuine issue of material fact or as to the ultimate inferences to be drawn therefrom and the moving party is entitled to judgment as a matter of law. *Glen Park Terr. #1 Homeowners Assn. v. M. Timm, Inc., ante* p. 48, 430 N.W.2d 40 (1988).

Is the failure to specify the place of the accident and/or the

exact time fatal to the consideration of the claim?

We are aware that a number of states have adopted a strict construction approach to the notice-of-claim requirements. *Norland v. Mason City*, 199 N.W.2d 316 (Iowa 1972); *Elkhorn School Dist. v. East Troy School Dist.*, 110 Wis. 2d 1, 327 N.W.2d 206 (1982). This court, in a case decided after the briefs in this case were submitted, took a different approach.

In *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 417 N.W.2d 757 (1988), we held that "substantial compliance with the statutory provisions pertaining to a claim's content supplies the requisite and sufficient notice to a political subdivision in accordance with § 23-2404, when the lack of compliance has caused no prejudice to the political subdivision." *Id.* at 369, 417 N.W.2d at 766.

In *Chicago Lumber Co.*, the claim arose out of a failure of the school district to require a contractor's bond. Neb. Rev. Stat. § 52-118 (Reissue 1984). The contractor performed the work, received payment, and did not pay the supplier, Chicago Lumber Company.

In the claim letter to the school district, the claimant specified neither the exact location of the school building in the district for which the goods were furnished, nor the date on which such goods were furnished. We held as follows:

> The purpose of § 23-2404 is not to require a statement of fact to the extent that the governmental subdivision's absolute liability is verbally demonstrated in the documentary or written claim. Rather, the written claim required by § 23-2404 notifies a political subdivision concerning possible liability for its relatively recent act or omission, provides an opportunity for the political subdivision to investigate and obtain information about its allegedly tortious conduct, and enables the political subdivision to decide whether to pay the claimant's demand or defend the litigation predicated on the claim made. *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976).

*Id.* at 368-69, 417 N.W.2d at 765-66.

We note that the evidence submitted at the hearing on the motion did not suggest that the city was unable to determine

either the basis of the claim or its place and time of happening. No assertion is made that the city was in any way prejudiced by the claimed omissions.

No prejudice having been demonstrated, the court was in error in sustaining the motion for summary judgment. Accordingly, the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.