TOM MAULER AND HELEN MAULER, APPELLANTS, V. PATHFINDER
IRRIGATION DISTRICT, A POLITICAL SUBDIVISION OF THE STATE OF
NEBRASKA, APPELLEE.

505 N.W.2d 691

Filed September 24, 1993.    No. S-91-670.

Howard P. Olsen, Jr., and Robert G. Simmons, Jr., of Simmons, Olsen, Ediger & Selzer, P.C., for appellants.

Gary D. Denton, of Hancock & Denton, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The plaintiffs, Tom Mauler and Helen Mauler, have appealed from the June 10, 1991, judgment of the trial court dismissing their second amended petition filed in this action. The plaintiffs seek damages in the amount of $25,790 from the defendant, Pathfinder Irrigation District. The plaintiffs allege that the defendant district "negligently and improperly" installed a weir gauge which resulted in the district failing to deliver an adequate volume of irrigation water to the plaintiff's land in Sioux County, Nebraska. The plaintiffs

allege the shortage of water resulted in damage to their crops.

The trial court sustained the defendant's general demurrer to the second amended petition and dismissed the second amended petition. From that judgment, the plaintiffs have appealed.

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993).

The defendant's principal contention is that the action is controlled by Neb. Rev. Stat. § 46-160 (Reissue 1988), which provides as follows:

> Every irrigation district within the State of Nebraska shall be liable in damages for negligence in delivering or failure to deliver water to the users from its canal to the same extent as private persons and corporations; *Provided, however,* such districts shall not be liable as herein provided, unless the party suffering such damages by reason of such negligence or failure shall, within thirty days after such negligent acts are committed, or such districts shall fail to deliver water, serve a notice in writing on the chairman of the board of directors of such district, setting forth particularly the acts committed or the omissions of duties to be performed on the part of the district, which it is claimed to constitute such negligence or omission and that he expects to hold such district liable for whatever damages may result; *Provided further,* such action shall be brought within one year from the time the cause has accrued.

The plaintiffs contend that the action is controlled by the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1987). There is no question that the defendant is a political subdivision and is subject to the Political Subdivisions Tort Claims Act. See *Peterson v. Gering Irr. Dist.*, 219 Neb. 281, 363 N.W.2d 145 (1985). The plaintiffs

further contend that the Political Subdivisions Tort Claims Act is a statute complete in itself and that it repealed by implication § 46-160, which is in conflict with and repugnant to § 13-901 et seq. Section 13-902 provides as follows:

> The Legislature hereby declares that no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and that no suit shall be maintained against such political subdivision on any tort claim except to the extent, and only to the extent, provided by sections 13-901 to 13-926, 16-727, 16-728, 23-175, 39-809, and 79-489. The Legislature further declares that it is its intent and purpose through this enactment to provide *uniform procedures* for the bringing of tort claims against *all* political subdivisions, whether engaging in governmental or proprietary functions, and that the procedures provided by sections 13-901 to 13-926, 16-727, 16-728, 23-175, 39-809, and 79-489 *shall be used to the exclusion of all others*.

(Emphasis supplied.)

Although repeals by implication are not favored, a legislative act which is complete in itself and is repugnant to or in conflict with a prior law repeals the prior law by implication to the extent of the repugnancy or conflict. *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991). In § 13-902, the Legislature explicitly expressed an intent to create "uniform" procedures governing "all" actions against political subdivisions. By adopting a uniform procedure, the Legislature eliminated many of the traps and pitfalls which would exist if differing procedural requirements governed actions against various political subdivisions.

The record shows that the plaintiffs complied with the procedural requirements of the Political Subdivisions Tort Claims Act. The defendant's demurrer should have been overruled. It is unnecessary to consider the plaintiffs' other assignments of error.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.