GEORGE McLENDON v. CITY OF HOUSTON ET AL

No. A-4414. Decided March 17, 1954.
Rehearing overruled June 2, 1954.
(267 S.W. 2d Series 805)

*Dixie & Ryan and Thomas M. Ryan,* all of Houston, for petitioner.

The Court of Civil Appeals erred in holding that notice of personal injury filed with the city clerk, or secretary, was not giving notice to the Mayor and City Council, within the meaning of Article IX, Section 11 of the City charter, and the failure of the city council to consider such a claim within the ninety days prescribed by the charter was fatal to the assertion of the injured party's claim. City of Fort Worth v. Shero, 16 Tex. Civ. App., 487, 41 S.W. 704; Powers v. Kansas City, 18 S.W. 2d 545; Douglass v. Los Angeles, 5 Cal. 2d 123, 53 Pac. 2d 353.

*Will Sears,* City Attorney, *John R. Bennett,* Asst. City Attorney, both of Houston, for respondent.

Notice of personal injury must be given to the City Council, and failure to do so relieves the city of liability of such injury. Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W. 2d 819; Mouille v. City of Port Arthur, 164 S.W. 2d 219; Jones v. City of Fort Worth, Texas Com. App., 270 S.W. 1002.

MR. JUSTICE CULVER delivered the opinion of the Court.

The charter of the City of Houston provides that before the City shall be liable for damages for personal injuries of any kind the person injured or someone in his behalf "shall give the Mayor and City Council notice in writing of such injury duly verified within 90 days after the same has been sustained."

Petitioner, on the 90th day after the alleged injury was suffered, through his attorney personally delivered to the City Secretary written notice addressed to the Mayor and City Council. On the following day, the claim was presented by the Secretary to the Mayor and Council in regular session assembled.

Summary judgment was rendered against the petitioner on the ground that the charter provision had not been complied with in the respect that the written notice was not given to the Mayor and City Council within the 90 days. In a well considered opinion, 261 S.W. 2d 461, the Court of Civil Appeals, relying on the doctrine announced in City of Fort Worth v. Shero, 16 Texas Civ. App., 487, 41 S.W. 704, and City of Beaumont v. Baker et ux, 95 S.W. 2d 1365, affirmed.

The affidavit of the City Secretary reads in part as follows:

"My name is M. H. Westerman. I am the duly appointed and constituted Secretary of the City of Houston, Texas. I am the official custodian of the appropriate records in connection with the above styled and numbered cause of the records or instruments in the form of formal written claims filed with the City of Houston in accordance with the Charter provisions of the City of Houston. I am personally familiar with the claim filed by the law firm of Dixie & Ryan by Meyer Jacobson in behalf of the Plaintiff in the above styled and numbered cause. This claim was delivered by a person unknown to me but well known to Plaintiff to the office of the City Secretary on the 20th day of June, 1950. It was stamped as received about 3:30 P.M. on said date and an entry was made in a journal used for this purpose. On the 21st day of June, 1950, at a regularly appointed and scheduled date of assembly the claim as filed was presented to the Mayor and City Council. This was the very first date which said Council was in session after the claim was received in my office. At the time and for the months of March, April, May and June, 1950 the Council's regular meeting day was Wednesday of each week. On the 21st day of June, 1950 the City Council of the City of Houston in regular session assembled, passed Motion #8651, which Motion reads as follows:"

The Shero case, decided by the Court of Civil Appeals in 1897, writ refused, on very similar facts held that delivery of notice to the City Secretary was insufficient where the charter of the City required that notice shall be given the City Council within thirty days after the injury was received. Again, in the Baker case by the Beaumont Court largely on the authority of the Shero case, it was held that delivering the notice to the City Secretary was not sufficient where the charter required that the notice in writing should be filed with the Commission within sixty days after injury had been received. It is also to be noted, however, that in the Baker case the court observed that if it were conceded that the filing of the notice with the Clerk was

a sufficient compliance with the provisions of the City Charter there was no testimony that the notice was given to the Clerk within sixty days after the injury. In that case the denial of a writ of error by the notation "dismissed" does not imply an approval by the Supreme Court other than of the result.[1]

Manifestly we think this provision of the charter does not contemplate the serving of the notice on each individual member of the Council, though that procedure was held sufficient in Mouille v. City of Port Arthur, 164 S.W. 2d 219. The City Commission of Port Arthur had failed to meet on its regular meeting date and notice was served on each member separately prior to the expiration of the time limit.

We are here confronted with the somewhat difficult problem in that, while the charter of the City of Houston provides in effect that the notice may be given at any time within 90 days after the injury, the period would necessarily be shortened if notice could be "given" only to this body when regularly assembled unless it happened to be in session on the last day.

In Jones v. City of Fort Worth, Texas Com. App., 267 S.W. 681, the City Charter required that notice in writing be served upon the Board of Commissioners. Letter was mailed by the plaintiff's attorney to the Commissioner of Streets who was a member of the Board. This procedure was held to be sufficient. The court observed:

"It (the charter) does not prescribe that it shall be served upon the Board of Commissioners while in a meeting or session. The Board of Commissioners is in existence at all times after qualification of the mayor and commissioners, whether in session or not. They constitute the board at all times. The ordinance (charter) does not prescribe that such notice shall be served upon every member of the board. * * * But, where no manner of service is provided, a substantial compliance with the ordinance is all that is required. Where no manner or method of service of such notice is prescribed, any method of service that affords the city its substantial rights in the matter of such service ought to be, and is, sufficient."

In the case before us no method or manner of service of such notice is prescribed. It seems obvious that the only practical

---

1.—See Article "Notations on Application for Writs of Error" by former Associate Justice Gordon Simpson, Texas Bar Journal, Vol. 12, p. 547. Inasmuch as the only point presented in the Shero case was whether or not the delivery to the City Secretary was sufficient, the refusal of the Supreme Court to entertain a writ of error approved the holding in that case.

method would be that which the petitioner followed, particularly in view of the complex organization of a modern municipal government in a large metropolitan area with the necessarily great number of claims for personal injuries incident to a large population and diverse problems and weighty matters presented to the elective officials for consideration.

The statement by the City Secretary would seem to compel the conclusion that impliedly at least he has been designated by the Mayor and Council to receive and file these claims on their behalf. In substance he asserts that he is the official custodian of formal written claims filed with the City of Houston in accordance with the charter provisions. Upon delivery of the notice the day and hour of its receipt was stamped thereon and an entry was made in a journal used and kept in his office for that purpose.

It appears that the Council's regular meeting day was Wednesday of each week. To hold that delivery of notice in this case to the City Secretary under these circumstances was not sufficient to comply with the charter, would for all practical purposes interpret the provisions of the charter requiring that notice be given to the Mayor and City Council within 90 days after the injury as saying, that the notice could be given within 90 days to the Mayor and City Council provided that the City Council was in session. The effect here would be to say that petitioner had only 84 days in which to give notice.

The charter of the City of Houston failing to prescribe how or in what manner the notice should be given to the Mayor and Council, authorization of the City Secretary to receive such notices, to stamp the hour and day of receipt and to record a notation of the same in a journal would be a reasonable and practical method and manner. The members of the Council are not expected to be found at the city hall ordinarily except in attendance upon regular sessions, and in the interest of orderly procedure those sessions should not be disturbed or interrupted by claimants breaking in and demanding to be heard. Such arrangement would give to the claimants the full 90 days in which to present their claims where otherwise the time would necessarily be short of that period allowed by the charter.

We are not unmindful of the doctrine of stare decisis, based on public policy and sound legal administration, requiring that courts respect and adhere to prior judicial decisions. The law should be settled, so far as possible, especially where contract

rights and rules of property have been fixed. From what we have said, however, we believe that the facts in this case make it distinguishable from the Shero case. There the claimant met the City Secretary in the front door of the city hall, handed the notice to him, who said he would present it to the Council at the first meeting. No showing was made as to the duties of the Secretary. What was the purpose of the City Secretary in this case stamping the time of its receipt and entering the notation in his journal unless he was then acting for and on behalf of the City Council? Otherwise his actions would have no significance.

At any rate we are not dealing here with, nor disturbing any contractual rights that have become vested or any fixed rules of property. The matter is wholly one of procedure.

Respondent vigorously urges the rule that where the Legislature re-enacts a statute it intends for it to be given the interpretation theretofore settled by the courts. At the time of the Shero decision in 1897, the City of Fort Worth was operating under a special charter granted by the Legislature. Subsequent to the decision in that case other city charters were issued by the Legislature which contained the same provision as to the giving notice of claims. Therefore respondent asserts that the Legislature, mindful of the Shero decision, in writing into these subsequent charters the same language, intended that the interpretation of the prior decisions become a part of the provision. It may be said that this rule certainly obtains and is applied probably with greater strictness in Texas than in some other jurisdictions. Cunningham v. Cunningham, 120 Texas 491, 40 S.W. 2d 46, 75 A.L.R. 1305; Cruzan v. Walker, 119 Texas 189, 26 S.W. 2d 908,; Arrowood v. Blount, 121 Texas 52, 41 S.W. 2d 412.[2] There is this to be said, however, in that connection. The City of Houston now operates under the home rule provision of the statutes, Art. 1165, and has for many years. The charter under which the City is currently operating, is one which was adopted by a vote of the people, and, subject to any general measures passed by the Legislature, can be changed by a vote of the people in accordance with the charter provisions. That is one reason, we think, why the rule contended for by the respondent should not be obligatory, but merely persuasive.

If the variance in the facts upon which we distinguish this case from Shero be deemed not substantial, then we say, that to permit a claimant to have the full period of time for filing his

2.—Compare 50 American Jurisprudence, Statutes, Secs. 441-444 and cases cited.

claim which is given in the charter is a cogent reason for holding that the strict rule applied in the Shero case will no longer prevail where it appears that the City Secretary has been impliedly, at least authorized to act for the Mayor and City Council in receiving the notice of claims.

We do not share with respondent his apprehension on account of this decision that "within five years the cities of Texas will have to relitigate every well settled point relating to notice of claim provisions," such as he said were settled by this court in City of Terrell v. Howard, 130 Texas 459, 111 S.W. 2d 692; Galvan v. City of Brownsville, 139 Texas 128, 162 S.W. 2d 98; City of Waco v. Landingham, 138 Texas 156, 157 S.W. 2d 631; and Phillips v. City of Abilene, 195 S.W. 2d 147; City of Dallas v. Shows, Texas Com. App. 212 S.W. 633.

The judgments of both courts below are reversed and the cause remanded for trial on its merits.

Opinion delivered March 17, 1954.

Rehearing overruled June 2, 1954.