DIANA LEE SIMONS, APPELLEE, V.
RONALD DAVID SIMONS, APPELLANT.

624 N.W. 2d 36

Filed April 6, 2001. No. S-99-1442.

Ralph E. Peppard for appellant.

Mary Pat K. Coe for State of Nebraska.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

On June 10, 1997, Ronald David Simons filed a declaratory judgment action asking the court to declare the Income Withholding for Child Support Act (the Act), currently codified at Neb. Rev. Stat. § 43-1701 et seq. (Reissue 1998 & Cum. Supp. 2000), unconstitutional and to quash a May 1997 amended notice to withhold child support from his earnings. The court denied Ronald any relief, and Ronald appeals.

## FACTUAL BACKGROUND

On July 1, 1986, Diana Lee Simons' petition for a divorce from Ronald was granted by the district court for Douglas County. The parties had three minor children, who were 8, 7, and 6 years old at the time of the divorce. Ronald, who had been employed as a meatpacker and cook, was ordered to pay child support.

At the time of the divorce decree, Ronald was incarcerated, having been found guilty of first degree sexual assault upon one of the children. The decree states:

> C. Beginning with the first day of the first month following respondent's release from prison, respondent shall pay to the Clerk of the District Court of Douglas County, Nebraska, for the support of the minor children of the parties, the sum of $100.00 per month, per child, or a total of $300.00 per month.

Ronald did not pay any child support after being released from prison on August 1, 1988.

Prior to 1988, Diana began receiving Aid to Families with Dependent Children payments from the State. Pursuant to Neb. Rev. Stat. § 43-512.07 (Reissue 1993), Diana's receipt of these payments operated as an assignment of Diana's right to enforce Ronald's child support obligation ordered by the district court in the July 1, 1986, decree to the Nebraska Department of Health and Human Services (formerly the Nebraska Department of Social Services). A notice of assignment was filed with the Douglas County District Court on March 8, 1994, effective August 1, 1988.

A notice of intent to withhold income pursuant to § 43-1718.01 (Reissue 1993) of the Act was mailed to Ronald on January 10, 1995. In May 1997, Child Support Services of Nebraska (CSSN), the private contractor hired by the State to collect child support, sent Ronald's employer an amended notice to withhold income pursuant to § 43-1720 (Cum. Supp. 1994).

The oldest of Diana and Ronald's children became emancipated in 1996. As a result, the amended notice ordered Ronald's employer to withhold $200 per month rather than $300 per month for ongoing support and an additional $50 per month toward Ronald's arrearage. Ronald's total arrearage, as calculated by the clerk of the district court, totaled $29,074.50. This calculation utilized August 1, 1988, as the date the support obligation commenced, which date corresponded to the date Ronald was released from prison.

On June 10, 1997, Ronald filed a declaratory judgment action asking the court to declare the Act, and the actions of CSSN under the Act, unconstitutional, and to quash the May 1997 amended notice to withhold. Ronald also argued that the order of child support in the 1986 divorce decree was conditional and that therefore the support order was void. In addition, Ronald asserted that because there had been an "accord and satisfaction" between Diana and Ronald regarding the child support payments, Ronald no longer had any obligation to pay support.

While the declaratory judgment action was pending, Ronald filed a motion to stay child support payments in the divorce proceeding, requesting the district court to stay the $250 ordered to be withheld by his employer pursuant to the May 1997 amended notice sent by CSSN. The district court, after finding that the

$50 "added to the $200 . . . was not approved by the Court," ordered CSSN not to include this arrearage payment in its notice to Ronald's employer. The $200 in ongoing support was not affected.

In January 1998, Ronald and the State filed cross-motions for summary judgment in the declaratory judgment action. Both motions were denied. Trial on the declaratory judgment action was scheduled for April 29, 1999. Sometime prior to the scheduled hearing, the second child of Diana and Ronald was emancipated. As a result, the district court in the divorce proceeding again modified the decree. The modified decree ordered Ronald to pay $100 per month for the support of the remaining child and $100 per month for the arrearage, for a total of $200 per month.

On April 29, 1999, the declaratory judgment action was heard. Diana had notice of the hearing but did not appear. At the hearing, Ronald testified that after he was released from jail, he met with Diana and that the following conversation ensued:

Q. What did she say to you?

A. We had some small talk, and she says that, if they come after me for child support, it's not her fault, 'cause she don't want anything from me.

. . . .

Q. Did she also talk about you coming around to see her or the kids?

A. She just said she didn't want to see me no more.

. . . .

Q. Has she ever contacted you about paying child support since—or ever?

A. No

Q. Did you understand your conversation to be an exchange of you giving up your visitation rights and she would give up receiving child support?

A. I got that impression.

On October 21, 1999, the district court decided the declaratory judgment action against Ronald, determining that the Act was not unconstitutional. It further denied Ronald's request to quash the May 1997 notice of withholding. Ronald filed a motion for new trial, which was overruled on December 1, 1999. Ronald filed his appeal on December 16.

We moved this case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Ronald asserts, rephrased, that the district court erred in failing to find that (1) the Act violates the separation of powers doctrine in Neb. Const. art. II, § 1, and the "open courts" provision found in Neb. Const. art. I, § 13, in that the Act improperly grants CSSN authority to determine the monthly amount to be withheld from Ronald's earnings for arrearage without resort to the courts; (2) Diana released Ronald from his obligation to pay any child support in accord and satisfaction for his agreement to have no contact with the children; (3) the support order contained in the divorce decree is void as a conditional order; and (4) the State was equitably estopped from collecting any child support from Ronald. He asserts that the court also erred in failing to (5) grant a new trial, (6) award Ronald attorney fees, and (7) sustain Ronald's motion for summary judgment.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Dunn v. Daub*, 259 Neb. 559, 611 N.W.2d 97 (2000).

## ANALYSIS

### CONSTITUTIONALITY

In May 1997, pursuant to the Act, CSSN sent an income withholding notice to Ronald's employer, directing the employer to withhold $50 per month toward Ronald's arrearage of $29,074.50, as well as $200 per month in ongoing support. According to Ronald, the Act unconstitutionally authorized CSSN, at its discretion and without court authorization, to impose the additional payment for arrearage. Ronald argues that by imposing the additional $50 payment, CSSN violated both art. II, § 1, and art. I, § 13, of the Nebraska Constitution.

The record, however, shows that on June 20, 1997, the district court quashed that portion of CSSN's notice ordering Ronald's

employer to withhold an additional $50 per month for arrearage. There is nothing in the record to indicate that the State appealed that order. In addition, the record further indicates the district court, in the divorce proceeding, subsequently approved a modification of Ronald's ongoing child support obligation. After the second child was emancipated, the court set Ronald's obligation at $100 per month for current support and $100 per month to be applied to the arrearage.

"A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation." *Hron v. Donlan*, 259 Neb. 259, 262, 609 N.W.2d 379, 383 (2000). "A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. As a general rule, a moot case is subject to summary dismissal." *Id.* at 263, 609 N.W.2d at 383.

The $50 increase which Ronald claims was unconstitutional was quashed by the district court. There is no indication from the record that the State is presently attempting to withhold anything beyond the subsequent court-ordered amount of $200. For these reasons, the issue initially presented by Ronald regarding the alleged unconstitutionality of CSSN's actions under the Act has ceased to exist and is therefore moot. See *id.* In addition, Ronald has not demonstrated any reason which would justify the application of an exception to the mootness doctrine. See *Hauser v. Hauser*, 259 Neb. 653, 611 N.W.2d 840 (2000). Ronald's first assignment of error is moot and thus without merit.

### Accord and Satisfaction

Ronald next argues that he has no child support obligation for the State to enforce because he and Diana reached an "accord and satisfaction." Ronald contends that the conversation he had with Diana after his release from prison was an accord and satisfaction releasing him from his support obligations. This conversation simply does not meet the elements of an accord and satisfaction.

To constitute an accord and satisfaction, there must be (1) a bona fide dispute between the parties, (2) substitute performance tendered in full satisfaction of the claim, and (3) accept-

ance of the tendered performance. *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997). Under these facts, Diana and Ronald could not reach accord and satisfaction. Diana's right to enforce Ronald's child support obligation had previously been assigned to the State pursuant to § 43-512.07, effective August 1, 1988. Given the circumstances of this case, there was simply no bona fide dispute between Diana and Ronald. This assignment of error is without merit.

### EQUITABLE ESTOPPEL

Ronald further asserts that the State is equitably estopped from collecting any child support or arrearage from Ronald, 9 years after Diana purportedly "released" him from his child support obligation. To satisfy the elements of equitable estoppel, Ronald must show, on the part of the State,

> (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or persons; and (3) knowledge, actual or constructive, of the real facts . . . .

*State ex rel. Neb. Health Care Assn. v. Dept. of Health*, 255 Neb. 784, 795-96, 587 N.W.2d 100, 108 (1998).

The doctrine of equitable estoppel "will not be invoked against a governmental entity except under compelling circumstances where right and justice so demand; in such cases, the doctrine is to be applied with caution and only for the purpose of preventing manifest injustice." *Id.* at 796, 587 N.W.2d at 108.

There is no manifest injustice in requiring Ronald to fulfill his legal obligation to support his children. There is no evidence in the record that the State has falsely represented or concealed any facts from Ronald. This error is without merit.

### CONDITIONAL ORDER

Finally, Ronald argues that because the divorce decree stated that his support obligation began on the day he was released from prison, the support order was conditional and thus unenforceable.

If a judgment looks to the future in an attempt to judge the unknown, it is a conditional judgment. *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995), citing *Romshek v. Osantowski*, 237 Neb. 426, 466 N.W.2d 482 (1991). A conditional judgment is one that does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. *Dietz, supra*, citing *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992).

The court's support order here did not leave its final effect to speculation and conjecture. Ronald's child support obligation was set at $100 per month per child, commencing upon his release from prison. Although Ronald's actual release date was not stated in the order, it was clear that Ronald would be released from prison, and on August 1, 1988, he was released. Ronald's release from prison is not an unknowable or uncertain future event. This assignment of error is also without merit.

### REMAINING ASSIGNMENTS OF ERROR

Ronald also asserts the court erred in failing to grant a new trial, in failing to award Ronald attorney fees, and in failing to sustain Ronald's motion for summary judgment. Based on our disposition of the above-mentioned issues, we conclude these assignments of error are similarly without merit.

### CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.