# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-1964/02-1965

_____

Centric Jones Company,     *
                                 *

       Appellant-Cross-Appellee,    *

                                 *    Appeal and Cross-Appeal from

       v.                             *    the United States District Court

                                 *    for the District of Nebraska.

City of Kearney, Nebraska,     *

                                 *

       Appellee-Cross-Appellant.   *

_____

Submitted:   December 12, 2002
Filed:    March 27, 2003

_____

Before WOLLMAN, LAY, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Centric Jones Co. ("Centric") appeals from a final order entered in the district court[1] granting summary judgment for the City of Kearney, Nebraska, ("City")[2] and the district court's subsequent denial of Centric's Federal Rule of Civil Procedure

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

[2]The City filed a protective cross-appeal regarding its counterclaim. Because Centric does not prevail, we will not address the merits of the City's cross-appeal.

59(e) motion to alter or amend the judgment. For the reasons discussed below, we affirm.

I.

The City of Kearney is a city of the "first class," see Neb. Rev. Stat. § 16.101 (2002), which means, inter alia, the City can sue and be sued and enter into contracts, see id. § 16.201. Centric is a Colorado limited partnership engaged in the business of performing construction contracts as a prime contractor.

In May 1996, Centric entered into a contract with the City for completion of the construction portion of the Kearney Wastewater Treatment Plant for $12,950,000. CH2M Hill ("CH2M"), an engineering firm, served as the City's project engineer. The contract defined CH2M's duties: among other things, CH2M was to act as the City's representative during the construction period; receive payment applications from Centric and make recommendations to the city council regarding progress payments[3]; and act as an impartial initial interpreter of the contract requirements and judge of the acceptability of the work, if and when disputes arose. See J.A. at 664-65. If CH2M was unable to resolve an issue to the parties' satisfaction, either party could invoke the dispute resolution procedures described in the contract. If those dispute resolution procedures were unsuccessful, the contract provided that a party could institute suit in a court of competent jurisdiction.

---

[3]Article 14 of the contract explains the progress payment process: Centric was to submit an application for payment to CH2M based upon the amount of work performed by Centric since the previous application; CH2M was obligated to review the content of the application and make a recommendation for payment to the City, including reductions or refusals to pay for incomplete or nonconforming work; and CH2M would submit the application and recommendation to the city council. J.A. at 676-79.

During the course of construction, Centric submitted thirty payment applications to CH2M. CH2M reviewed the applications and forwarded them to Kirk Stocker, the City's Utilities Director, along with either a certification that the application should be paid in full or a recommendation to pay a different amount. Stocker then forwarded the applications to the city clerk for filing, and the applications were placed on the city council's agenda. The city council's resolutions regarding the payment applications routinely provided, "the City's engineer, CH2M Hill, has filed with the City Clerk a Payment Application . . . ." J.A. at 1683-1716. The City adopted CH2M's certifications, resulting in full payment of twelve payment applications, refusal to pay in whole or in part twelve applications, and six instances of payment in excess of that actually requested on the application.[4] As a result of the refusals to pay Centric the full amount requested, on March 2, 1999, Centric requested that the parties mediate the dispute pursuant to the contract.

In May 1999, the parties participated in an unsuccessful mediation. On or about May 10, 1999, a written notice of termination of mediation was sent to the parties. By September 1999, the project was entirely completed. On September 24, 1999, Centric sent a letter to Stocker demanding payment of $1,266,486.53 within thirty days. In a letter dated October 22, 1999, the City rejected Centric's demand, proposing instead a final payment of $670,256.00.

On March 24, 2000, Centric filed suit[5] against the City asserting causes of

---

[4]Note that CH2M was obligated to withhold recommendation for payment on work that was nonconforming; if that work was subsequently corrected, CH2M could recommend payment for the work when a subsequent pay application was forwarded to the City.

[5]This suit was originally filed in a Colorado district court. The City removed the case to the United States District Court for the District of Colorado and then moved for dismissal or change of venue. The action was transferred to the United States District Court for the District of Nebraska on October 27, 2000.

action for breach of contract and unjust enrichment. Centric sought damages in excess of $2,000,000. On December 26, 2001, the district court granted the City's motion for summary judgment based on the affirmative defense that Centric had failed to comply with the claim statute governing claims against the City, Neb. Rev. Stat. § 16-726, and dismissed the whole case with prejudice. Subsequently, the district court denied Centric's motion to alter or amend the judgment. This appeal and cross-appeal follow.

II.

Centric argues that this court should reverse because (1) Centric complied, actually or at least substantially, with Nebraska Revised Statute section 16-726, and so, Centric's claim is not time-barred; (2) the City should be equitably estopped from claiming that section 16-726 applies to the case at bar; (3) there were material factual disputes between the parties, making summary judgment inappropriate; and (4) the district court abused its discretion by denying Centric's motion to amend or alter the judgment.

This court reviews a district court's grant of summary judgment de novo. E.g., Norwalk Ready Mixed Concrete, Inc. v. Travelers Ins. Cos., 246 F.3d 1132, 1135 (8th Cir. 2001) (citation omitted). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. (citation omitted). Additionally, this court reviews a district court's interpretation of state law de novo. E.g., Salve Regina Coll. v. Russel, 499 U.S. 225, 239 (1991) ("The obligation of responsible appellate review and the principles of a cooperative judicial federalism underlying Erie require that courts of appeals review the state-law determinations of district courts de novo."); ANR Western Coal Dev. Co. v. Basin Elec. Power Co-op, 276 F.3d 957, 964 n.10 (8th Cir. 2002) (citation omitted). This court reviews a district court's interpretation of a contract de novo. E.g., Norwalk,

246 F.3d at 1135-36 (citation omitted); <u>Rapid Leasing Inc. v. Nat'l Am. Ins. Co.</u>, 263 F.3d 820, 825 (8th Cir. 2001) (citation omitted).  Finally, this court reviews a district court's denial of a Rule 59 motion for abuse of discretion.  <u>E.g.</u>, <u>Twin City Constr. Co. of Fargo v. Turtle Mountain Band of Chippewa Indians</u>, 911 F.2d 137, 139 (8th Cir. 1990) (citations omitted).

First, Centric argues that it, actually or at least substantially, complied with Nebraska Revised Statute section 16-726.  We disagree.  Section 16-726 requires, as a condition precedent to maintaining an action against a city of the first class, that "the claimant . . . file such claim within ninety days of the accrual of the claim in the office of the city clerk."  Neb. Rev. Stat. § 16-726.  Section 16-726 functions as a statute of limitations, resulting in the time bar of suits not filed within the requisite ninety days.  <u>Sinn v. City of Seward</u>, 523 N.W.2d 39, 51 (Neb. 1994) (citation omitted).  The district court correctly held that the claim at issue was not timely filed.

As the district court found, Centric never filed a claim against the City with the city clerk; thus, Centric never actually complied with section 16-726.  In the alternative, Centric argues that it substantially complied with section 16-726 by submitting its pay applications to CH2M.  Even assuming that the payment applications submitted to CH2M amount to "claims or accounts payable" within the meaning of section 16-726, the district court correctly held that substantial compliance is a limited concept under Nebraska law and inapplicable in this case.  Centric cites no authority for extending the substantial compliance doctrine to section 16-726.  Moreover, the district court correctly observed that under the existing case law, a clear requirement for substantial compliance is that the claim be filed with the statutorily mandated recipient, in this case the city clerk.  <u>See, e.g.</u>, <u>Schoemaker v. Metro. Utils. Dist.</u>, 515 N.W.2d 675, 679 (Neb. 1994); <u>Willis v. City of Lincoln</u>, 441 N.W.2d 846, 850 (Neb. 1989).  Finally, the district court correctly found that there was no evidence that Centric ever filed a claim or payment application with anyone for the damages it sought in its complaint: namely, damages in excess of $2,000,000.

Second, Centric argues that the City should be equitably estopped from asserting that any of Centric's claims are time-barred because the City expressly designated CH2M as its agent for receipt of payment requests and claims, and because the City had followed this course of conduct over three years for the thirty pay applications submitted to CH2M. We disagree. This argument is essentially the same as Centric's argument below that the City waived its right to claim that section 16-726 applies to the case at bar because the City contracted for a different method of claim resolution. The district court correctly recognized that, even assuming arguendo that the contract prescribed the method for claims to be brought against the City, the contract specifically requires that "a formal proceeding may be instituted by . . . [a] party in a forum of competent jurisdiction . . . in accordance with applicable Laws and Regulations." J.A. at 666. Thus, the contract, by its terms, requires compliance with section 16-726.

Third, Centric argues that there were material factual disputes between the parties, making summary judgment inappropriate. We disagree. Centric alleges three genuine issues of material fact precluding summary judgment: (1) whether CH2M or Stocker had an opportunity to investigate and settle the "claims" of the payment applications; (2) whether the city clerk received the payment applications; and (3) whether the City waived application of section 16-726. The first two alleged issues, assuming they are disputed, would not affect the outcome of the case, and accordingly, they do not make summary judgment inappropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (holding that only disputes over facts that might affect the outcome of the suit should be considered material).

Regarding the third alleged issue, Centric argues that evidence of waiver of a contractual or statutory right by one party generally precludes summary judgment in favor of that party. See City Bank & Trust Co. v. VanAndel, 368 N.W.2d 789 (Neb. 1985). The contract provides the only evidence on this point, and as discussed above, the contract terms require compliance with the statutory notice-of-claim procedures,

-6-

as well as all other applicable laws and regulations. There was not enough evidence of waiver to create a genuine issue of material fact. Thus, there were no genuine issues of material fact precluding summary judgment for the City.

Finally, Centric argues that the district court abused its discretion by denying Centric's Federal Rule of Civil Procedure 59(e) motion to amend or alter the judgment. We disagree. Having carefully reviewed the record, we find that the district court did not abuse its discretion in denying Centric's motion.

III.

Finding no error of law or fact, and given the well-reasoned orders of the district court, we find no precedential value in expanding on Centric's arguments, and we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.