FLOYDENE WILDER, APPELLEE, V. GRANT COUNTY SCHOOL
DISTRICT NO. 0001, A POLITICAL SUBDIVISION OF THE
STATE OF NEBRASKA, ALSO KNOWN AS HYANNIS
ELEMENTARY SCHOOL, APPELLANT.

658 N.W.2d 923

Filed April 11, 2003. No. S-02-579.

John P. Weis for appellant.

Scott J. Norby, of McGuire and Norby, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Floydene Wilder filed a petition in error in the district court for Grant County to obtain review of the decision of the school board for Grant County School District No. 0001 which terminated Wilder's employment due to a reduction in force. The district court reversed the school board's decision and ordered Wilder reinstated. The school district appeals. We affirm the decision of the district court.

## STATEMENT OF FACTS

There is no dispute with regard to the material facts. The appellant, a Class I school district, is a political subdivision providing education to children from kindergarten through the sixth grade. Wilder is a permanent certificated teacher and had been employed by the school district, full time, for 16 years. Prior to her full-time employment, Wilder had worked for the school district, at half-time employment, for 3 years.

During the 2000-2001 school year, the school district served 22 students and employed Wilder and two other full-time teachers.

All three teachers held elementary endorsements. Of the three teachers, Wilder had the fewest years of service, with one teacher having 23 years of service and the other having 18 years of service. Wilder was the only teacher among the three who held an additional endorsement as a "Level 7" library media specialist.

On April 10, 2001, Wilder received a letter indicating that the school district was considering not renewing her teaching contract, due to a reduction in force. The letter stated that termination of Wilder's contract was being considered because Wilder had "the least amount of tenure among the certified staff." In a letter dated April 12, 2001, Wilder requested a hearing before the school board regarding the proposed reduction in force.

A hearing was held on May 15, 2001. At the hearing, the school district's secretary provided information regarding the school district's declining student enrollment. According to the secretary, the school district had 22 students enrolled during the 2000-2001 school year, and it was expected that enrollment would decline to 11 students during the 2001-02 school year. Lou Schoff, who was under contract with the school district to provide administrative services, testified about the reduction of the school district budget for the 2001-02 school year. Schoff stated that he had been asked by the school district to make a recommendation regarding the reduction in force, utilizing only the service records of the three teachers to formulate his recommendation. Schoff testified that he had recommended to the school district to terminate Wilder's employment, based solely on Wilder's having the fewest years of service.

During the hearing before the school board, the school district introduced into the record a copy of the school district's "reduction in force policy." The school district's policy provides as follows:

6.8 Reduction in Force

When the Board of Education deems that program changes, budget limitations or other changes in circumstances require a reduction in force, then the board will notify the teacher or teachers that staff reduction procedures are being considered.

In considering staff reduction, normal attrition of personnel through resignation, retirement, termination,

cancellation, non-renewal, death, etc., shall be taken into consideration by the board.

The procedures used to notify teachers of reduction in force shall be the same as prescribed by statute for all other termination or non-renewal of contract.

Any teacher who is terminated because of reduction in force shall have preferred rights to employment for a period of 24 months commencing at the end of the contract year. The recall of such teacher shall be based on length of service in the district. The teacher shall upon reappointment retain any benefits which have accrued to said teacher prior to termination; however, the leave of absence shall not count as a year of employment unless it meets the statutory definition.

Wilder did not testify or present evidence during the hearing before the school board.

At the conclusion of the hearing, the school board voted unanimously to terminate Wilder's contract due to a "change in circumstances, specifically that there has been a reduction in the enrollment of the elementary school students and also a reduction in the elementary school budget, and that these changes in circumstances necessitates [sic] a reduction in force." The school board indicated that Wilder's contract would be terminated "due to the fact that she ha[d] the least amount of service time among the certified staff of the elementary school."

Wilder appealed the school board's decision to terminate her contract to the district court. Following a hearing, the district court reversed the decision of the school board, concluding that the decision violated Neb. Rev. Stat. § 79-846 (Reissue 1996), because the school district's reduction in force policy contained no "criteria" by which to determine the basis for the reduction in force. Section 79-846 provides as follows:

Prior to January 1, 1979, every school board, board of education, or governing board of any educational institution in Nebraska covered by the provisions of sections 79-824 to 79-842 shall adopt a reduction-in-force policy covering employees subject to such statutory provisions to carry out the intent of sections 79-846 to 79-849. No such policy shall allow the reduction of a permanent or tenured

employee while a probationary employee is retained to render a service which such permanent employee is qualified by reason of certification and endorsement to perform or, in cases in which certification is not applicable, by reason of college credits in the teaching area. If employee evaluation is to be included as a criterion to be used for reduction in force, specific criteria such as frequency of evaluation, evaluation forms, and number and length of classroom observations shall be included as part of the reduction-in-force policy.

Due to the absence of any criteria in the school district's reduction in force policy, the district court determined that the school district's termination of Wilder's contract was arbitrary. The district court also determined that contrary to Neb. Rev. Stat. § 79-847 (Reissue 1996), the school district had failed to establish that the change in circumstances necessitating the reduction in force specifically related to Wilder. Section 79-847 provides:

Before a reduction in force occurs, the school board or board of education and the school district administration shall present competent evidence demonstrating that a change in circumstances has occurred necessitating a reduction in force. Any alleged change in circumstances must be specifically related to the teacher or teachers to be reduced in force, and the board, based upon evidence produced at the hearing required by sections 79-824 to 79-842, shall be required to specifically find that there are no other vacancies on the staff for which the employee to be reduced is qualified by endorsement or professional training to perform.

The district court ordered the school district to reinstate Wilder's contract of employment. The school district appeals.

## ASSIGNMENT OF ERROR

On appeal, the school district assigns three errors, which we restate as one. The school district claims, restated, that the district court erred in determining that the school district's termination of Wilder's contract as a result of a reduction in force was arbitrary and not based upon a change in circumstances specifically related to Wilder.

## STANDARDS OF REVIEW

 The standard of review in a proceeding in error from an order of a school board terminating the contract of a tenured teacher is whether the school board acted within its jurisdiction and whether there is sufficient evidence as a matter of law to support its decision. *McQuinn v. Douglas Cty. Sch. Dist. No. 66*, 259 Neb. 720, 612 N.W.2d 198 (2000); *Nickel v. Saline Cty. Sch. Dist. No. 163*, 251 Neb. 762, 559 N.W.2d 480 (1997). The evidence is sufficient as a matter of law if the school board could reasonably find the facts as it did on the basis of the testimony and exhibits contained in the record before it. *Id.* Stated another way, the evidence is considered sufficient as a matter of law, or is " ' "substantial" ' " or constitutes " ' "some competent evidence," ' " as those terms have been used in prior articulations of the standard of review in these cases, " 'if a judge could not, were the trial to a jury, direct a verdict.' " *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 676, 559 N.W.2d 448, 453 (1997) (quoting *Eshom v. Board of Ed. of Sch. Dist. No. 54*, 219 Neb. 467, 364 N.W.2d 7 (1985)).

## ANALYSIS

On appeal, the school district challenges the district court's decision ordering Wilder's reinstatement. The district court reasoned that the termination of Wilder's contract pursuant to the school district's reduction in force policy was arbitrary, because the policy contained no criteria by which a reduction in force decision could be made. Given the statutes and the facts of this case, we affirm the district court's decision.

 We have previously observed that, by statute, "the Legislature has attenuated a school [district's] discretion to pare its staff in the face of reduced needs and has imposed specified procedures for achieving a reduction in force." *Trolson v. Board of Ed. of Sch. Dist. of Blair*, 229 Neb. 37, 38-39, 424 N.W.2d 881, 882 (1988). One such procedure is that the school district must adopt a reduction in force policy. See § 79-846. At issue in this appeal is whether the policy adopted by the school district is an adequate reduction in force policy under § 79-846. Because our interpretation of the requirements of the statute at issue is a question of law, we reach our conclusion in that respect independent

of the trial court's decision. *Jacobson v. Solid Waste Agency of Northwest Neb.*, 264 Neb. 961, 653 N.W.2d 482 (2002). See, similarly, *Ackerman v. Metropolitan Community College*, 6 Neb. App. 536, 575 N.W.2d 181 (1998) (stating that whether college reduction in force was in compliance with statute is question of law).

In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Kosmicki v. State*, 264 Neb. 887, 652 N.W.2d 883 (2002). It is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Id.*; *Capitol City Telephone v. Nebraska Dept. of Rev.*, 264 Neb. 515, 650 N.W.2d 467 (2002). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Volquardson v. Hartford Ins. Co.*, 264 Neb. 337, 647 N.W.2d 599 (2002).

As stated above, pursuant to § 79-846, "every school board, board of education, or governing board of any educational institution in Nebraska covered by the provisions of sections 79-824 to 79-842 shall adopt a reduction-in-force policy covering employees subject to such statutory provisions." Elsewhere, § 79-846 provides that "[i]f employee evaluation is to be included as a criterion to be used for reduction in force," various forms and procedures "shall be included as part of the reduction-in-force policy." The reference in § 79-846 to employee evaluation as one "criterion" indicates that the Legislature intended that a reduction in force policy should contain criteria by which a reduction in force decision would be made. The use of the word "criterion" in § 79-846 is neither superfluous nor meaningless. *Volquardson, supra.* We therefore conclude that a reduction in force policy adopted pursuant to § 79-846 must contain criteria on which the reduction in force decision will be made.

In the instant case, the school district's reduction in force policy that was included as an exhibit in the record does not identify any criteria by which a reduction in force decision would be made. Although we have said that "a school board has broad discretion in determining what factors to include in its reduction in

force policy as well as how to weigh those factors," *Nickel v. Saline Cty. Sch. Dist. No. 163,* 251 Neb. 762, 771, 559 N.W.2d 480, 486 (1997), we have not and do not endorse a policy with no factors. Accordingly, as a matter of law, the school district's policy does not comport with the requirements of § 79-846.

The proceedings in this case show that Wilder's contract with the school district was terminated because she had "the least amount of service time among the certified staff." Although the April 10, 2001, letter from the school district advised Wilder that years of service would be considered when the district made its reduction in force decision, that letter is no substitute for a proper policy under the statute, the adoption of which policy should antedate the changes necessitating the reduction in force. Because the school district's policy contained no criteria on which to base a reduction in force decision, there is no evidence to show that the school board's reduction in force decision was in accordance with that policy. Thus, the evidence does not meet the requirement under § 79-847 that the evidence produced at the hearing establish that, among other things, the change in circumstances necessitating a reduction in force specifically relate to Wilder. See *Trolson v. Board of Ed. of Sch. Dist. of Blair,* 229 Neb. 37, 424 N.W.2d 881 (1988). The district court correctly reversed the decision of the school board.

## CONCLUSION

The standard of review of a proceeding in error taken from an order of a school board terminating the contract of a tenured teacher is whether the school board acted within its jurisdiction and whether there is sufficient evidence as a matter of law to support its decision. *McQuinn v. Douglas Cty. Sch. Dist. No. 66,* 259 Neb. 720, 612 N.W.2d 198 (2000); *Nickel, supra.* In this case, the reduction in force policy was flawed and the evidence is not sufficient as a matter of law to support the school board's decision to terminate Wilder's contract due to a reduction in force. Accordingly, we affirm the decision of the district court which ordered Wilder reinstated.

AFFIRMED.